IN RE:

| | |
|---|---|
| RUBY TOLBERT, | Chapter 13<br>Case No: 19-54047-lsg |
| Debtor, | |

RUBY TOLBERT,

| | |
|---|---|
| Plaintiff, | Adv Proceeding: 20-04170-lsg<br>Judge: Lisa S. Gretchko |

vs

MORGAN WATERFRONT HOMES, LLC,

Defendant.

_____/

## JOINT FINAL PRETRIAL ORDER

Pursuant to the Court's Adversary Proceeding Scheduling Order, the parties submit to the Court their Joint Final Pretrial Order.

1. <u>Jurisdiction</u>: This is an adversary proceeding arising out of the Chapter 13 Bankruptcy Filing of Ruby Tolbert. It is a core proceeding and jurisdiction has not been contested.

2. <u>Plaintiff's claims</u>:

   a. On April 20, 2019, Defendant caused to be prepared and recorded a quit claim deed that purported to convey Plaintiff's interest in real property that was her residence to Defendant.

   b. Plaintiff's signature on the Quit Claim deed was forged.

c. Defendant's actions were malicious.

   d. Plaintiff will be claiming damages in the amount of the fair market value of the home at the time that the April 2019 deed was recorded because Plaintiff could not put the house up for sale during a six month redemption under Michigan law if the house is foreclosed on to pay off the balance of the mortgage.

   e. Plaintiff is seeking exemplary damages plus costs, interest, and attorney fees.

   f. Plaintiff's legal theory is that the Plaintiff will show that the Defendant's conduct was with falsity, malice, and with intent to injure and that the Plaintiff is not only entitled to special damages under Common Law, Slander of Title but also Exemplary Damages pursuant to MCLA §600.2907(a) for the humiliation, sense of outrage and indignity resulting from the Defendant's conduct which were malicious, willful, and wanton.

3. <u>Defendant's Claims</u>:

   a. Defendant neither prepared nor recorded the quit claim deed.

   b. Defendant's actions, if any, with regard to the preparation of the quit claim deed were not malicious.

   c. Plaintiff has not suffered damages as a result of the recording of the quit claim deed.

4. <u>Stipulated Facts and Law:</u>

<u>Stipulated Facts</u>

   a. On June 25, 2015, Defendant executed a warranty deed to the property known as 107 Sandbar Lane in the City of Detroit, County of Wayne, conveying to Plaintiff ownership of real property (the "Tolbert Property") described as:

   > Unit 16, Morgan Waterfront Homes, a condominium according to the Master Deed recorded in Liber 44997, Pages 88 through 149, inclusive, Wayne County Records and designated as Wayne County

Condominium Subdivision Plan No. 920, together with rights in general common elements and limited common elements as set forth in the above-described Master Deed (and Amendments thereto, if any) and as described in Act 59 of the Public Acts of 1978, as amended. More commonly known as: 107 Sand Bar Ln, Detroit, MI 48214.

b. On June 25, 2015, Plaintiff granted to Defendant a mortgage encumbering the Tolbert Property securing her obligation to pay to Defendant the sum of $580,000.00 (the "Mortgage"). The Mortgage was granted by Plaintiff at the time she acquired the Tolbert Property from Defendant and therefore, under Michigan law is a purchase money mortgage.

c. Both the warranty deed and the Mortgage were recorded with the Wayne County Register of Deeds. The Mortgage was recorded on August 6, 2015, in Liber 52398, Page 272, Wayne County Records.

d. Plaintiff failed to pay to Defendant installment payments due on June 1, 2016, June 1, 2017, and June 1, 2018, each in the sum of $30,000.00.

e. On or about April 11, 2019, Defendant mailed to Plaintiff, via Certified Mail No. 701621400000 6299 9206, notice of Plaintiff's default (the "Notice of Default") under the Mortgage and of Defendant's intention to commence a non-judicial foreclosure of the Mortgage.

f. On April 30, 2019, a quitclaim deed, ostensibly signed by Plaintiff, was recorded in Liber 55018, Page 1139, Wayne County Records (the "April 2019 Deed.")

g. By virtue of the recorded April 2019 Deed, Plaintiff, allegedly quit claimed to Morgan Waterfront Condo, a Michigan corporation, property described as follows:

> E St. Jean Unit 16, Wayne County Condo Sub Plan No. 920 "Morgan Waterfront Condominium" recorded L4497 P88-149 Deeds WCR 21/1055 2.3256% 107 Sandbar Lane, Detroit, MI 48214

h. The April 2019 Deed was not signed by Ruby Tolbert and her signature was a forgery.

i. The April 2019 Deed contains an incorrect legal description of the Tolbert Property.

j. The April 2019 Deed states that the grantee is Morgan Waterfront Condo, a Michigan corporation; however, there is no such entity as Morgan Waterfront Condo, a Michigan corporation.

k. The form and content of the April 2019 Deed are defective and noncompliant with the recording requirements of the County of Wayne and the State of Michigan because it does not have a 2.5" top margin, fails to include the property tax identification number, fails (as drafted) to include commonly known address of the Tolbert Property, fails to indicate the name and address of the person who drafted the document, and fails to include the name and address of the person to whom the deed is to be returned after recording.

l. On July 9, 2019, an Affidavit of Scrivener's Error was recorded with the Wayne County Register of Deeds to correct the April 2019 Deed with regard to the name of the grantee and the legal description.

m. On July 29, 2019, Defendant filed a landlord-tenant, summary proceedings eviction case to recover possession of the Tolbert Property.

n. Plaintiff thereafter informed Defendant that she had not executed the April 2019 Deed.

o. Defendant dismissed the summary proceedings eviction action and commenced non-judicial foreclosures proceedings.

p. On October 2, 2019, Plaintiff filed for relief under Chapter 13.

q. On March 10, 2020, Defendant executed and recorded a Quit Claim Deed (the "Re-Conveyance Deed") recorded on March 13, 2020, in Liber 55690 Page 548, Wayne County Records, in order to expunge any interest purportedly conveyed to Defendant by virtue of the April 2019 Deed. The Plaintiff does not dispute that this deed was filed but it will be claimed that the deed was filed after Ms. Tolbert objected to

20-04170-lsg    Doc 134    Filed 06/23/21    Entered 06/23/21 16:08:27    Page 4 of 13
-4-

the forged signature of the other deed that she believes occurred by the hands of the Defendant.

r. On March 16, 2020, Plaintiff filed this adversary action.

Stipulated Law:

a. Pursuant to MCL 565.108, no person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land, and in any action brought for the purpose of quieting title to land, if the court shall find that any person has filed a claim for that reason only, he shall award the Plaintiff all of the costs of such action, including such attorney fees as the court may allow to the Plaintiff and in addition, shall decree that the Defendant asserting such claim shall pay to Plaintiff all damages that Plaintiff may have sustained as a result of such notice of claim having been so filed for record.

b. Slander of Title is a claim with "both a common-law and statutory basis." B&B Investment Group v. Gitler, 229 Mich App 1, 8.

c. To establish slander of title at common law, the Plaintiff must show falsity, malice, and special damages, i.e. that the Defendant maliciously published false statements that disparaged a Plaintiff's right in property, causing special damages. Id. *See* also Anton, Sowerby and Associates, Inc v. Mr. C's Lake Orion, LLC, 309 Mich App 535, 546 (2015).

d. The malice element requires showing "some act of express malice, which implies a desire or intention to injure." Anton, Sowerby & Associates, Inc, 309 Mich App at 547.

e. Special damages include litigation costs, including attorney fees, an impairment of vendibility. B&B Investment Group v. Gitler, 229 Mich App 1 (1998).

f. Attorney fees may be awarded pursuant to MCL 565.108 and are not limited to the time before the title cloud was removed. B&B Investment Group, 229 Mich App at 11.

g. Rather, the statute contemplates that attorney fees and costs may be awarded in the court's discretion, for all expenses involved in the action. Id.

h. Pursuant to MCL 565.25: "(1) Except as otherwise provided in subsection (2), the recording of a levy, attachment, lien, lis pendens, sheriff's certificate, marshal's certificate, or other instrument of encumbrance does not perfect the instrument of encumbrance unless both of the following are found by a court of competent jurisdiction to have accompanied the instrument when it was delivered to the register under section 24(1) of this chapter:

> (a) A full and fair accounting of the facts that support recording of the instrument of encumbrance and supporting documentation, as available.
>
> (b) Proof of service that actual notice has been given to the recorded landowner of the land to which the instrument of encumbrance applies."

"(3) A person who is not exempt under subsection (2) who encumbers property through the recording of an instrument listed under subsection (1) without lawful cause with the intent to harass or intimidate any person is liable for the penalties set forth in section 2907a of the revised judicature act of 1961…MCL 600.2907a."

i. Pursuant to MCL 600.2907a Violation of MCL 565.25; liability to owner of encumbered property; penalty:

> " (1) A person who violates section 25 of chapter 65 of the Revised Statutes of 1846, being section 565.25 of the Michigan Compiled Laws, by encumbering property through the recording of a document without lawful cause with the

intent to harass or intimidate any person is liable to the owner of the property encumbered for all of the following:

> (a) All of the costs incurred in bringing an action under section 25 of chapter 65 of the Revised Statutes of 1846, including actual attorney fees.
>
> (b) All damages the owner of the property may have sustained as a result of the filing of the encumbrance.
>
> (c) Exemplary damages."

5. <u>Issues of Fact to be Litigated</u>:

   a. The Plaintiff must show falsity, malice, and special damages, that the Defendant maliciously published false statements that disparaged a Plaintiff's right in the property causing special damages;

   b. Whether or not Defendant had the malicious desire to or intent to injure;

   c. Whether or not Plaintiff has a claim under Michigan's exemplary Damages and for costs, interest, and attorney fees;

   d. To be litigated are special damages such as costs and attorney fees and exemplary damages.

6. <u>Issues of Law to be litigated</u>.

   a. To establish Slander of Title at Common Law, and Plaintiff must show falsity, malice, and special damages. <u>B&B Investment Group v. Gitler,</u> 229 Mich App 1 (1998). In Michigan, special damages have been recognized to include litigation costs, *see* <u>Chesebro v. Powers</u>, 78 Mich 472…; impairment of vendibility, see <u>Sullivan</u>, 88 Mich App at 85, and loss of rent or interest.

   b. Litigation costs, including attorney fees, have been held to constitute special damages recoverable in slander of title cases. <u>Sullivan</u>, *supra*

at 85.

- c. Pursuant to MCLA §600.2907a, the statute also gives the Plaintiff a right to claim exemplary damages, costs including actual attorney fees under the statute if Plaintiff proves that a person who violates §25 of Chapter 65 of the Revised Statutes being 565.25 of the Michigan Compiled Laws, by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person.

- d. Under Michigan law, exemplary damages are recoverable as compensation of the Plaintiff, not as punishment of the Defendant but is element of damages involving tortious conduct on the part of the Defendant for Plaintiff's humiliation, sense of outrage and indignity resulting from a maliciously, willfully, and wanton inflicted act by the Defendant.

- e. Kimberly Darling-Hardy is the notary who took the Fifth Amendment at her deposition. The court has requested that Plaintiff submit a Trial Brief on the admission of the deposition transcript of Kimberly Darling-Hardy to determine whether or not considered unavailable pursuant to Federal Rules of Evidence 804(a).

7. <u>Evidence Problems likely to arise at trial:</u>

  a. The admittance of the transcript of Kimberly Darling-Hardy as will be briefed in Trial Brief;

  b. The inferences that the court may draw with respect to Kimberly Darling-Hardy taking the Fifth Amendment of which will be briefed in the Trial Brief;

  c. There may or may not be objections to other evidentiary issues such as hearsay and other issues that may arise that cannot be predicted at this point in time.

8. <u>Plaintiff's Witnesses:</u>

Will Call:

a. Ruby Tolbert; c/o 40700 Woodward Ave, Bloomfield Hills, MI. She is the Plaintiff and will testify to the interactions with the defendant along with the fact that the forged document is not her signature. She will also testify as to damages. Not an expert.

b. Jerome Morgan is the principal owner of the Defendant corporation. Mr. Morgan will testify that he had nothing to do with the alleged forged deed and he did not have any malice in recording the signature deed. Not an expert.

c. Kimberly Darling-Hardy is the notary who took the Fifth Amendment at her deposition. The parties stipulate to the admission of the transcript of Kimberly Darling-Hardy at trial as she is avoiding and evading process of service. Not an expert.

May Call:

d. Christopher McDonald is the Expert Real Estate Appraiser that would testify to the appraisal of the property at the time and date on the appraisal. The appraisal has been stipulated to by the parties.

e. Any necessary rebuttal witnesses.

Defendant's Witnesses:

a. Jerome Morgan. He is not an expert.

b. Any necessary rebuttal witnesses.

9. Exhibits:

Plaintiff's Exhibits: J= Stipulated Admission of Exhibits for all purposes.

Exhibit J1: The Warranty Deed from Morgan Waterfront Homes, LLC to Ruby Tolbert filed in the Wayne County Register of Deeds on

August 6, 20215, Liber 52398, Page 260.

Exhibit J2: Mortgage from Ruby Tolbert to Morgan Waterfront Homes, LLC recorded in the Wayne County Register of Deeds on August 6, 2015, Liber 52398, Page 272.

Exhibit J3: The Quit Claim Deed from Ruby Tolbert to Morgan Waterfront Condo (forged deed) recorded in the Wayne County Register of Deeds April 30, 2019, Liber 55018, Page 1139.

Exhibit J4: The Deposition Transcript of Kimberly Darling-Hardy dated September 10, 2020, upon approval by the court.

Exhibit J5: The Affidavit of Scrivener's Error making a correction on the forged Quit Claim Deed recorded on April 30, 2019, where the deed contained a typographical error referencing the grantee as Morgan Waterfront Condo instead of grantee Morgan Waterfront Condominium, LLC recorded in the Wayne County Register of Deeds on July 9, 2019, Liber 55145, Page 1023.

Exhibit J6: Notice to Quit to Recover Possession of the property filed by the Defendant against the Plaintiff dated June 19, 2019, in the 36th District Court.

Exhibit J7: The Complaint to Recover Possession of Property filed by Morgan Waterfront Homes, LLC against Ruby Tolbert dated July 29, 2019, in the 36th District Court.

Exhibit J8: Notice of Default and Intention to Foreclose-stipulated to.

Exhibit J9: Appraisal Report by Christopher McDonald dated April 8, 2019, of the subject property in which he appraised the property for $548,000 was stipulated to.

Exhibit 10: Plaintiff's itemized attorney fees.

Defendant's Exhibits:

Exhibit D a: Quit Claim Deed (reconveyance deed).  Plaintiff stipulates to this exhibit to be used for all purposes.

10. Objections to Exhibits:

None.

11. Damages:

The Plaintiff seeks the following itemized damages:

1. Impairment of vendibility equals $548,000.  Because of the forged deed, the Plaintiff was kept from putting the property up for sale.  The Defendant filed a request for foreclosure and the Defendant would have had six months after a foreclosure sale to redeem the property pursuant to MCL 600.3240(1).  The Plaintiff will seek $548,000 in damages for common law and statutory damages for not being able to sell the house for the slander of title.

2. The Plaintiff asserts that Defendant violated MCL 565.25 when it did not have a full and fair accounting of facts that support the recording of the forged deed and supporting documents nor did it file a proof of Service that actual notice had been given to Ms. Tolbert who owned the property pursuant to MCL 565.25.  Pursuant to subsection 3 of MCL 565.25, Ms. Tolbert will allege that the recording of the forged deed was with intent to harass or intimidate her and that she is entitled to damages pursuant to MCL 600.2907a which states that if a person succeeds on its claim for violation under 565.25, a Plaintiff may seek (a) all of the costs incurred in bringing the action, including actual attorney fees; (b) all damages the owner of the property may have sustained as a result of filing the encumbrance; and (c) exemplary damages.

The Plaintiff is preparing an itemization of costs which will be the cost to start the adversary proceeding and the costs that were paid to have the property appraised.  The Plaintiff will itemize out the attorney fees which will be filed for exhibit purposes.

The costs incurred in bringing the action are; (a) $350.00 cost of starting the case; (b) $600.00 appraisal fee; (c) $450.00 transcript fee and sitting fee for Carroll Court reporting; (d) $450.26 transcript and sitting fee from Carroll Court reporting.

    a. Actual attorney fees will be filed with this court by Monday and because the file is voluminous, the fees are being prepared and will be filed. However, this court questioned what the word actual attorney fees means.

    b. This attorney can point to B&B Investment Group v, Gitler, 229 Mich App 1 (1998) where attorney fees are to be awarded, the court must determine the reasonable amount of fees according to the non-exclusive list of factors and guidelines set forth in Wood v. Daiie, 413 Mich 573, 588 (1982). *See* Howard v. Canteen Corp, 192 Mich App 427, 437 (1992). While the court is not required to detail its findings regarding each specific factor, it is required to make findings of fact with regard to the attorney fee issues. Id

    c. The Plaintiff will be asking for damages that she suffered as a result of the filing of the forged deed by not being able to sell the property or have a chance to sell the property because of the notice of foreclosure. The request for damages is going to be the fair market value of the property which is $548,000.

    d. Finally, the Plaintiff will be requesting exemplary damages in the amount of $548,000.00 and as shown in the three cases that Plaintiff has picked for the court to review, exemplary damages are to be awarded to Plaintiff for Plaintiff's humiliation, sense of outrage and indignity resulting from a maliciously, willful and wanton inflicted act by the Defendant. *See* Kewin v. Massachusetts Mutual Life Insurance Co; 409 Mich 401 (1980).

12. Trial:

    Non-Jury.

13. Settlement or Mediation:

    Both Plaintiff and Defendant have submitted the disputes to facilitation, but

facilitation did not resolve the matter. Plaintiff has no objections to another facilitation with another facilitator.

14. Trial Briefs:

The Trial Briefs will be filed on or before June 18, 2021, at 4:00 p.m.

15. Additional Requirements:

At this time, the Court has not added any requirements. The Court will determine the need for post-trial briefs after the trial.

16. Supplemental Issues:

To the extent that Plaintiff seeks attorney fees and/or costs in excess of the amounts set forth in Plaintiff's Exhibit 10, Plaintiff must file an additional exhibit by 1:00 p.m. on June 24, 2021, detailing such amounts. To the extent that Plaintiff seeks attorney fees and/or costs for the period from and after June 24, 2021, the Court will separately address that issue with the parties.

**Signed on June 23, 2021**

/s/ Lisa S. Gretchko
_____
Lisa S. Gretchko
United States Bankruptcy Judge