UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
RUBY TOLBERT,                                    Chapter 13
    Debtor,                                  Case No. 19-54047- lsg
                                               /     Hon. Lisa S. Gretchko

RUBY TOLBERT,
    Plaintiff,                               ADVERSARY PROCEEDING
                                               Case No. 20-04170-lsg

-vs-

MORGAN WATERFRONT HOMES, LLC,
    Defendant.
                                               /

## **ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

### Introduction

Following the one-day trial in this adversary proceeding, the Court issued an oral bench opinion ("Bench Opinion"; ECF No. 141) and entered a judgment ("Judgment"; ECF No. 142) awarding the Plaintiff, Ruby Tolbert ("Plaintiff" or "Tolbert") $65,090, consisting of $32,545 in special damages incurred in bringing the action for Common Law Slander of Title and Statutory Slander of Title under MCL § 565.108, plus an additional $32,545 in exemplary damages (pursuant to MCL § 600.2907(a)) because Morgan Waterfront Homes, LLC ("Defendant") violated MCL § 565.25.

On August 12, 2021, Tolbert timely filed a Motion for Reconsideration ("Motion"; ECF No. 143) and an accompanying brief ("Brief"; ECF No. 144). The Motion identifies two issues for reconsideration, namely the Court's award of exemplary damages in the amount of only $32,545,[1] and the Court's ruling on impairment of vendibility. For the reasons set forth in this Order, the Motion is denied.

## Discussion

E.D. Mich. LBR 9024-1(a)(3) applies to Plaintiff's Motion and states:

> (3) *Grounds.* Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

To establish a "palpable defect," the moving party generally must point to "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Sch._,_ 469 F.3d 479, 496 (6th Cir. 2006) (quoting Intera Corp. v. Henderson_,_ 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration

---

[1] Although page 2 of Plaintiff's Brief recites the exemplary damage award as $32,500, the actual amount was $32,545.

standard).

The Court will address Plaintiff's issues in the sequence they appear in the Motion.

### I. Exemplary Damages

Plaintiff argues that the Court committed palpable error in awarding only $32,545 in damages over and above the $32,545 in special damages (i.e. Plaintiff's legal fees). Plaintiff relies on Peisner v. Detroit Free Press, 421 Mich. 125 (1985)—a case that she cites for the first time in her Motion for Reconsideration—and asserts that this Court should have awarded both actual damages for injury to her feelings and exemplary damages as well. Pages 2 and 4 of Plaintiff's Brief assert that the $32,545 which the Court called exemplary damages was mis-labeled and, instead, that this $32,545 constitutes actual damages for Tolbert's emotional distress. Consequently, Plaintiff argues that the Court failed to award exemplary damages.

Plaintiff is mistaken. The Court awarded Tolbert $32,545 in exemplary damages. Tolbert did not present any evidence of actual damages for the emotional distress that she allegedly incurred as a result of the slander of title. Consequently, she is not entitled to an award of actual damages for injury to her feelings or emotional distress. Instead, she is only entitled to $32,545 in special damages (for the legal fees that she incurred) plus exemplary damages which the Court awarded in the amount of $32,545.

Plaintiff's reliance on Peisner is misplaced. First, Peisner is distinguishable from and inapplicable to the instant slander of title case. In Peisner, the Michigan Supreme Court interpreted an entirely different statute, namely MCL § 600.2911—which is Michigan's statute governing libel and slander of persons (as opposed to slander of title to land). MCL § 600.2911 statutorily provides for an award of actual damages for injury to feelings in the context of a suit for slander or libel to a person, as follows:

> (2)(a) Except as provided in (b)[2], in actions based on libel or slander the plaintiff is entitled to recover only for the actual damages which he has suffered in respect to his property, business, trade, profession, occupation or feelings.

However, MCL § 600.2911(2)(a) does not apply to the instant case because Tolbert did not sue Defendant for slander or libel under that statute. Instead, Tolbert sued for slander of title to land, and she alleged violations of MCL §§ 565.108, 600.2907a, and 565.25—different statutes than the one at issue in Peisner.

Because Tolbert did not bring a cause of action under MCL § 600.2911, Peisner does not provide any authority for Plaintiff's arguments. Unlike MCL § 600.2911 (Michigan's statute for slander and libel against a person), there is no

---

[2] MCL § 600.2911(2)(b) states that the plaintiff in a slander or libel case shall not recover exemplary and punitive damages unless, before filing a slander or libel case, the plaintiff gives the defendant notice to file a retraction and reasonable time in which to do so.

4

mention of feelings or emotional distress in any of the Michigan statutes that apply to slander of title.

Second, even if Peisner and MCL § 600.2911 were somehow applicable to the instant slander of title case (which they are not), they only permit recovery of "[a]ctual damages … suffered in respect to … feelings." Tolbert never provided any evidence of actual damages suffered in respect to her feelings.

Tolbert had the burden of proof in this case. She did not seek to admit into evidence any bills for medical and/or psychological services, medications, or the like. Plaintiff's only evidence of damages in this case consisted of her counsel's bills for legal fees she incurred in pursuing this case. The Court did not award her any actual damages for emotional distress under MCL § 600.2907a because she did not prove any. Instead, as noted above, the Court awarded $32,545 in special damages (i.e., for her legal fees incurred in this action) plus an additional $32,545 in exemplary damages.

Third, Plaintiff is estopped from relying on Peisner in the context of a motion for reconsideration. Prior orders of the Court entered on May 20, 2020 (ECF No. 12), and March 11, 2021 (ECF No. 82) in this adversary proceeding required each party to submit in the joint final pretrial order that party's three strongest reported cases in support of its view of the law. Plaintiff did not include Peisner as a case on which she was relying. (See ECF No. 85). On June 17, 2021, Plaintiff filed a Trial

5

20-04170-lsg    Doc 146    Filed 09/14/21    Entered 09/14/21 14:56:14    Page 5 of 14

Brief (ECF No. 126) that made no mention of Peisner. Plaintiff is thus estopped from using Peisner in the context of a motion for reconsideration to raise issues that she never raised previously. Evanston Ins. Co. v. Cogswell Properties, LLC, 683 F.3d 684, 692 (6th Cir. 2012)("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").

In the section of the Bench Opinion analyzing damages under MCL § 600.2907a(1)(a)-(c), the Court carefully parsed the statute when awarding damages. The Court held that it had already awarded attorney fees incurred in bringing the action under the other slander of title statute, MCL § 565.108, and so the Court would not duplicate those damages when awarding damages under MCL § 600.2907a(1)(a). With respect to damages under MCL § 600.2907a(1)(b), namely those sustained as a result of the filing of the encumbrance, Plaintiff offered no proof of any damage for this beyond the legal fees she incurred (and which the Court had already included in the calculation of the damages). Consequently, the Court held that "Plaintiff did not prove any damages under MCL § 600.2907a(1)(b)" (ECF 141).

MCL § 600.2907a(1)(c) empowered this Court to award exemplary damages for Defendant's violation of MCL § 565.25 by recording the document at issue in this case with intent to intimidate or harass Plaintiff. The evidence presented at trial supported such a finding. The Bench Opinion is very clear about the fact that the Court issued a separate award of exemplary damages in the amount of $32,545. In

rendering the award for exemplary damages in the Bench Opinion, the Court quoted the following language from Kewin v. Massachusetts Mut. Life Ins. Co., 409 Mich. 401, 419 (1980):

> … An award of exemplary damages is considered proper if it compensates a plaintiff for the "humiliation, sense of outrage, and indignity" resulting from injuries "maliciously, willfully and wantonly" inflicted by the defendant…The theory of these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done the plaintiff's feelings.

In other words, the Court's award of $32,545 in exemplary damages was clearly a separate award for the humiliation, sense of outrage and indignity to Tolbert. The Court awarded these exemplary damages pursuant to MCL § 600.2907a(1)(c) even though Tolbert did not produce any evidence of actual damages for alleged emotional distress or injury to feelings.

The Court now turns to Plaintiff's argument that the Court should have awarded more in exemplary damages. Page 3 of the Motion quotes from footnote 11 of Peisner and asserts that the Michigan Supreme Court held that exemplary damages are supposed to "operate indirectly to punish". But that is a mischaracterization. The Michigan Supreme Court's statement in a footnote does not constitute its holding. Statements in a footnote of a court's opinion are not controlling. *See, e.g.* Wainright v. Witt, 469 U.S. 412, 422, 105 S. Ct. 844, 851 (1985). More importantly, in Peisner,

the Michigan Supreme Court did not abrogate <u>Kewin</u>'s holding that exemplary damages are meant to compensate the plaintiff and not to punish the defendant. Indeed, in <u>Peisner</u> the Michigan Supreme Court reaffirmed the applicability of <u>Kewin</u> when it stated:

> In short, we reject Peisner's invitation to depart from an established rule precluding true punishment-type damages in libel cases.

<u>Peisner</u> at 129.

In Plaintiff's Amendment to Filing of Joint Final Pretrial Order (ECF No. 85), Tolbert cited <u>Kewin</u> as one of "…the three (3) cases which Plaintiff believes are the strongest reported cases regarding law and damages." In her Trial Brief (ECF 126, pages 5-6), Tolbert quoted the portion of <u>Kewin</u> holding that an award of exemplary damages is considered proper if it compensates a plaintiff for the humiliation, sense of outrage and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant. That is what the Court did in this case.

In accordance with <u>Kewin</u>'s instruction that exemplary damages are designed to compensate the plaintiff rather than punish the defendant, this Court awarded Tolbert exemplary damages of $32,545, even though she failed to prove any actual damages for injury to feelings or emotional distress. Although Plaintiff's Motion asserts that this Court should have awarded more in exemplary damages, the amount of exemplary damages lies squarely within the Court's discretion. As the Court noted

in the Bench Opinion, Oppenhuizen v. Wennersten, 2 Mich. App. 288, 298 (1966) instructs that "No rule can be laid down properly measuring or limiting the damages allowable in cases where exemplary damages may be recovered, except, as has been said, 'they must not be oppressive, or such as shock the sense of fairminded men;…"

The Court properly exercised its discretion in awarding exemplary damages of $32,545, which were in addition to the $32,545 in special damages that Plaintiff proved at trial. There is no palpable defect in the amount of the exemplary damages that the Court awarded.

## II. Impairment of Vendibility

Plaintiff also asserts that the Bench Opinion is palpably defective because the Court did not award Plaintiff damages for an alleged impairment of vendibility equal to the full market value of the home at issue in this case, 107 Sandbar Lane in Detroit (the "Tolbert Home"). The Tolbert Home is a 5,140 square foot home which Plaintiff's appraisal valued at $548,000 as of April 8, 2019, and Defendant's proof of claim valued at $600,000. But Plaintiff failed to prove either impairment of vendibility or damages therefrom.

Plaintiff presented no evidence indicating that the deed at issue in this slander of title case prevented her from listing or selling the Tolbert Home. At trial, Tolbert testified that she received a foreclosure notice and that, when she saw it, she would have tried to sell the Tolbert Home but thought she could not do so. When defense

9

counsel cross-examined Tolbert and asked whether she ever listed the Tolbert Home for sale, Tolbert answered "No."

On pages 5-6 of the Brief, Plaintiff asserts that Tolbert's testimony establishes that the deed at issue in this slander of title case clouded the title and created an impairment of vendibility for which she is entitled to damages. The Court disagrees. First, Plaintiff's complaint in this adversary proceeding included a count for quiet title, but she voluntarily withdrew that count in response to Defendant's motion for summary judgment. (See ECF No. 53, page 16). Tolbert's voluntary withdrawal of her quiet title count in this case is inconsistent with her assertion that there is a continuing impairment of vendibility. If the deed at issue in this slander of title case constituted a cloud on title that continues to impair the vendibility of the Tolbert Home, then why did Plaintiff voluntarily withdraw her quiet title count from this adversary proceeding?

Second, and more importantly, Tolbert's litigation strategy since 2019 demonstrates that she did not intend to sell the Tolbert Home. Tolbert's response to Defendant's motion for summary judgment acknowledges that others may have been responsible for the deed at issue in this case. (See ECF No. 53, pages 17-18). She might have joined other persons or entities[3] as defendants in this adversary proceeding,

---

[3] For example, Tolbert might have joined the individual who was the 100% member of the Defendant and/or the entity whose name appears in the Affidavit of Scrivener's Error and/or the notary on the deed at issue in this lawsuit. The Court takes no position on the merits of any such causes of action or their potential outcome.

but doing so ran the risk of the Court awarding damages against those other defendants, which might have diminished Tolbert's damages against Morgan Waterfront Homes, LLC—the entity that holds the mortgage on the Tolbert Home. So instead, Tolbert filed this Adversary Proceeding against Morgan Waterfront Homes, LLC as the sole Defendant in the hope of getting a large enough damage award that she could then use to offset the mortgage balance, so that she could continue living in the Tolbert Home without making any additional mortgage payments. The pleadings filed at ECF Nos. 55 and 58 in Tolbert's main bankruptcy case (Case No. 19-54047) evidenced her strategy, because they attached a copy of Tolbert's verified Wayne County Circuit Court complaint against Defendant dated as of late September of 2019—shortly before she filed bankruptcy on October 2, 2019. Paragraph 10 of Tolbert's Wayne County Complaint, and her arguments to this Court in her pleadings filed at ECF Nos. 55 and 58 in her main bankruptcy case, state that the amount she seeks to recover from Defendant Morgan Waterfront Homes, LLC will offset the amount she owes to Defendant. Having invoked a litigation strategy that seeks to create a large enough offset to permit her to remain in the Tolbert Home without making additional mortgage payments, it is inconsistent for Tolbert to allege an "impairment of vendibility" of a home she did not make an effort to sell. And her Chapter 13 Plan proposes to keep the Tolbert Home.

Even if there was an impairment of vendibility, Plaintiff failed to carry her

burden of proving damages. There was no evidence presented proving any damages that resulted from the alleged impairment of vendibility.

Without citation to any legal authority that applies to a slander of title case, Plaintiff has consistently argued that she is entitled to damages equal to the fair market value of the Tolbert Home. Page 6 of Plaintiff's Brief recites that the measure of damages for conversion is the fair market value at the time of the conversion—but this adversary proceeding is not a conversion case because, on November 13, 2020, Judge Shefferly dismissed Plaintiff's conversion count from the complaint in response to Defendant's Motion for Summary Judgment (See ECF Nos. 64 and 65).

Plaintiff's argument that the measure of damages for impairment of vendibility is the market value of the property is also inconsistent with Michigan law and with slander of title law around the country. The Restatement (Second) of Torts § 633 states that the measure of damages for impairment of vendibility is restricted to "the pecuniary loss that results directly and immediately from the effect of the conduct of third persons" and the expense of measures reasonably necessary to counteract the effect of the alleged slander of title. Many courts around the country have applied this standard, often citing the Restatement for support.

Michigan courts have not explicitly set the standard for damages for impairment of vendibility but have issued rulings consistent with the Restatement standard. For example, in <u>Sullivan v. Thomas Org.</u>, 88 Mich. App. 77, 85, 276

N.W.2d 522, 526 (1979), the Michigan Court of Appeals held that the expenses incurred in removing the cloud on title were recoverable as special damages for impairment of vendibility. As stated above, Plaintiff did not demonstrate any pecuniary loss that resulted from the filing of the document at issue in this case, and the Court did award special damages for the attorney fees and costs in bringing the action.

In the Bench Opinion, the Court noted that Plaintiff had failed to provide any legal authority for her asserted entitlement to the fair market value of the Tolbert Home as damages for an alleged impairment of vendibility. The Court noted that it could not find any authority for that measure of damages either. Plaintiff's Motion and Brief fail, once again, to cite any applicable legal authority for the notion that Tolbert is entitled to damages equal to the fair market value of the Tolbert Home. So, even if Plaintiff had proven an impairment of vendibility (which she did not), she did not prove entitlement to damages equal to the fair market value of the Tolbert Home.

## Conclusion

E.D. Mich. LBR 9024-1(a)(2) states that when a motion for reconsideration is filed, no response to the motion or any argument thereon will be allowed unless the Court so orders. It is unnecessary to require a response to the Motion or to schedule oral argument in this case. The Motion reflects Tolbert's disagreement with the Court's award of exemplary damages in the amount of only $32,545 and with the

Court's ruling that Tolbert failed to prove any impairment of vendibility or damages therefrom. However, Tolbert's disagreement with the Court's ruling does not meet the standard for reconsideration under E.D. Mich. LBR 9024-1(a)(3). The Court concludes that the Motion does not demonstrate a palpable defect in the Bench Opinion (or the Judgment) by which the Court and the parties have been misled and which requires a different disposition of this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 143) is denied.

**Not for Publication.**

**Signed on September 14, 2021**



/s/ Lisa S. Gretchko

Lisa S. Gretchko
United States Bankruptcy Judge